COLE, Chief Judge,
concurring in part and dissenting in part.
I respectfully disagree with the majority to the extent it finds that Webb lacks a claim under Roe v. Flores-Ortega, 528 U.S. 470, 120 S.Ct. 1029, 145, L.Ed.2d 985 (2000). The question is not, as the majority writes, whether Webb knew that he could appeal his sentence at all. Maj. Op. 447-48. It is whether a rational defendant in Webb’s circumstances would have wanted to appeal the sentence. Flores-Ortega, 528 U.S. at 480, 120 S.Ct. 1029. No rational defendant would have passed up the chance to reduce his sentence by half under the Fair Sentencing Act (“FSA”). So, Webb’s counsel should have consulted with him about an FSA-based appeal. See id. (“courts must take into account all the information counsel knew or should have known,” including relevant statutory changes). Counsel’s failure to do so constitutes a claim under Flores-Ortega.
But I agree that Webb’s motion to vacate his sentence under 28 U.S.C. § 2255 was untimely for the reasons discussed by the majority, Webb’s strongest argument concerns § 2255(f)(4), under which the filing period runs from “the date on which the facts supporting the claim ... could have been discovered through the exercise of due diligence.” We have clarified that § 2255(f)(4) is “directed at the discovery of new facts, not newly-discovered law.” Phillips v. United States, 734 F.3d 573, 580 (6th Cir. 2013). What enabled Webb to bring his Flores-Ortega claim was the knowledge that he was entitled to a reduced sentence under the FSA, that is, awareness of the law governing his position. See Dorsey v. United States, 567 U.S. 260, 132 S.Ct. 2321, 2331, 183 L.Ed.2d 250 (2012); Gilliam v. United States, 753 F.Supp.2d 683, 691 (W.D. Mich. 2010). Webb possessed the facts supporting that claim, e.g., the drug quantities for which he was convicted, as early as sentencing. Thus, § 2255(f)(4) does not apply to him.